IN THE MATTER OF THE ACCOUNTING OF ELLEN L. KELAHER, AS GUARDIAN, RESPONDENT, *v.* THOMAS J. McCAHILL AND JAMES BRADY, EXECUTORS, APPELLANTS.

*Guardian—duty of, as to requiring an infant to maintain himself— a full explanation must be given as to moneys paid over to the infant.*

APPEAL from an order of the surrogate of the city and county of New York, upon the settlement of the accounts and discharge of the respondent as guardian of certain infants.

The court at General Term said: " The accounting itself seems to have been an extremely loose proceeding, and the accounts presented we think were, in many particulars, allowed by the referee and the surrogate without satisfactory or sufficient proof of their correctness. A reference to a few items will indicate this.

" The guardian claims that she had expended for the benefit of all the infants respectively, but one, a considerable sum beyond the amount she had received from the trust funds in the hands of the executors. It was her duty to have shown clear and satisfactory reasons for having done this, inasmuch as the infants were, most of them, of an age when their services could have been made valuable to themselves if the duties of the guardian had been properly performed, and especially as it appears that their father is still living, upon whom the duty of supporting them is primarily devolved by law, without resort to the income of the trust fund. (*Clark* v. *Montgomery*, 23 Barb., 464; *Matter of Ryder*, 11 Paige, 185; *Van Volkinburgh* v. *Watson*, 13 Johns., 480; *Clark* v. *Clark*, 8 Paige, 152.) In case last cited, the chancellor held that it is a palpable breach of duty for a guardian to suffer a ward to live in idleness when he is able to earn his own support, unless he is preparing himself for future usefulness by obtaining an education, and that he could not, in the absence of all evidence on the subject, presume that the ward did not earn his living during the time that he remained with the guardian. The only estate the infants appear to have had applicable to their support was the income directed to be paid by the executors for that purpose; the executors had no authority to pay or apply more, except upon an order of the court properly obtained, and the guardian should either have restricted her expenditures within the income, or at least have shown a necessity for exceeding and anticipating it. The effect of her action has been to deprive several of the infants absolutely of all support from such income for several years yet to come, and a decree which accomplishes such a result should stand upon very substantial grounds.     *     *     *

" Various items appear in the account, aggregating $158, for cash advanced at various times to the children. All of these items should have been explained, for the guardian was certainly not at liberty to hand over money to them without knowing and approving the purposes for which it was to be used, especially as she describes them in her petition as 'wayward, resisting discipline and refusing to accept the control or heed the advice of their guardian,' and in a case where their income was so small that their annual support left them considerably in debt."

*De Witt C. Brown*, for the appellants.

*Walter S. Pinckney*, for the respondent.

*E. H. McDonough*, for the infants.

Opinion by DAVIS, P. J.; DANIELS, J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Decree reversed, with costs of the appellants to abide the future order of the surrogate.